## 5190.

### (Court of Appeal, Parish of Orleans.)

## CHARLES L. MACKENZIE vs. JOHN B. VEGLIA.

1. A defendant in a possessory action cannot convert it into a petitory one without the consent of the plaintiff, and the titles cannot be resorted to for any purpose beyond showing the nature and extent of the possession.

2. It is difficult to fix the compensation to which one is entitled to for the invasion of his rights, the injury to his feelings, and the deterring punishment that will serve as a warning and an example; hence, the finding of the lower court will not be disturbed unless manifestly inadequate or excessive.

3. Damages for a frivolous appeal will usually not be allowed when the claim is unliquidated and the *quantum* is a matter of judicial discretion and at best, therefore approximate.

Appeal from the Civil District Court, Division "A."

J. J. Prowell, for plaintiff and appellee.

T. B. Walker, for defendant and appellant.

B. Y. Wolf, A. Hero, attorneys.

DUFOUR, J.—Alleging that, on February 20, 1909, defendant forcibly and maliciously disturbed his peaceful and uninterrupted possession as owner for more than a year previous of a certain portion of ground and improvements thereon, plaintiff seeks to be restored to possession and asks damages for the illegal trespass.

The answer merely tendered the issue of title. This attempt to convert a possessory into a petitory action without the consent of the plaintiff was properly denied by the court.

Title is of no avail except to prove extent of possession or its nature.

It was admitted at the trial by the defendant that the division fence existing between the property of the plaintiff and defendant was torn down by the latter and removed nine and one-half feet further out, by forty-five feet, and that the buildings erected by the plaintiff thereon, were torn down by the defendant in removing the fence.

Commenting on the occurrence, the district judge says:

"The proof shows a wanton and lawless trespass upon plaintiff's rights of possession of the property for years. The enclosure was broken and a shed cut in two and removed and other outrages perpetrated by defendant. Instead of resorting to legal and peaceful means, defendant took the law into his own hands and executed his 'frontiersman writ' with force and violence. I cannot give judgment for plaintiff's attorney's fees, but all the other elements of damage claimed are well proved. It may be that defendant has title to the ground that he took forcible possession of, but plaintiff was in peaceful possession and long had been. Defendant should have sued, if he had rights."

Although the plaintiff's testimony as to the damages suffered is somewhat meagre and devoid of detail, and we might perhaps have fixed upon a different amount, yet his statement that they exceed five hundred dollars is uncontradicted.

It is a difficult task to fix the compensation to which one is entitled for the invasion of his rights, the injury to his feelings, and the deterring punishment that will serve as a warning and an example.

As was well said in one of the cases:

"While we may differ from the trial judge in his apportionment of damages, we are of the opinion that the amount allowed is not excessive for ac-

tual loss and the annoyance and vexation to the plaintiff by the unlawful conduct of defendant.''

44 An. 819, 113 La. 1090.

The trespass in this instance was an aggravated one; the law of force was invoked instead of the force of law, and the defendant's conduct is well covered by the eloquent denunciation of ''frontier process' by Judge Martin, in **Thayer vs. Littlejohn, 1 R. 140.**

Damages for a frivolous appeal will not usually be allowed when the claim is unliquidated and the **quantum** is a matter of judicial discretion and at best, therefore, approximate.

The judgment allowed $450, and ordered restoration of property.

Judgment affirmed.

February 20, 1911.

—————————O—————————

5205.

(Court of Appeal, Parish of Orleans.)